IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIPKWAN AJAWIN AJANG,

               Plaintiff,

     vs.

MRS TABITHA ANDREW AJACKOG,
Individual Capacity;

               Defendant.

**8:24CV113**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Tipkwan Ajawin Ajang's Motion to Proceed In Forma Pauperis ("IFP Motion"), Filing No. 2. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court is also required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against Defendant Mrs. Tabitha Andrew Ajackog under 42 U.S.C. § 1983. Filing No.1 at 2–3. Plaintiff alleges Defendant circulated video and voice recording messages on social media that contained false statements that harmed Plaintiff, his wife, and his in-laws' reputation. *Id.* at 3–4. Defendant's statements included private medical information about Plaintiff's stepson. *Id.* at 4.

Defendant's false statements about Plaintiff's in-laws tarnished the personal character of Plaintiff's mother-in-law and caused an altercation between Plaintiff's family, Plaintiff's in-laws, and Defendant's family in South Sudan. *Id.* at 3. Plaintiff alleges that Defendant's false statements are particularly harmful because Plaintiff is a key figure in his community, the Pashodo Community Mutual Assistance Association ("PCMAA"), and

the statements have harmed his reputation. *See Id.* at 5. Defendant's statements have also caused Plaintiff's wife to suffer emotional distress, anxiety, mental anguish, and loss of enjoyment of life. *Id.*

Plaintiff seeks an order requiring Defendant to stop recording and publishing false statements about Plaintiff and his family, to admit the statements were false, and to apologize to the PCMAA. *Id.* Plaintiff also requests that Defendant be punished by law and held responsible for the damage done to Plaintiff, Plaintiff's wife, and Plaintiff's mother-in-law. *Id.*

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

**A. Claims Under 42 U.S.C. § 1983.**

As an initial matter, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has filed this action pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). A § 1983 claim may be brought against a private individual if she conspires with

3

a state actor to deprive a person of his or her constitutional rights. *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999).

Here, Plaintiff does not set forth any allegations suggesting Defendant is a state actor or a private individual who has conspired with a state actor to deprive Plaintiff of his constitutional rights. Consequently, no civil rights action can be maintained under 42 U.S.C § 1983. *See Pavon v. Norfolk Daily News*, No. 407CV3077, 2007 WL 1651239, at *1 (D. Neb. June 4, 2007) (dismissing § 1983 action as frivolous where plaintiff prisoner claimed material printed in defendant newspaper violated his constitutional rights); *see also Bruce v. Price*, No. 418CV00223RGECFB, 2018 WL 10075605, at *14 (S.D. Iowa Sept. 21, 2018) ("Plaintiffs do not allege any interaction whatsoever between the Des Moines Register and any governmental official. Consequently, they have not alleged any entanglement between the newspaper or any state actor sufficient to establish an action under color of state law."), *aff'd sub nom. Bruce v. Polk Cty. Attorney's Off.*, 772 F. App'x 409 (8th Cir. 2019); *Fields v. Sharum*, No. 2:11-CV-2108, 2011 WL 5219726, at *3 (W.D. Ark. Oct. 11, 2011) ("The Times Record Newspaper is a private actor and not a 'state actor' amenable to suit under § 1983."), *report and recommendation adopted*, No. 11-2108, 2011 WL 5289605 (W.D. Ark. Nov. 2, 2011). Thus, Plaintiff fails to state a § 1983 claim, and, consequently, fails to set forth grounds for the Court's jurisdiction.

**B. Diversity Jurisdiction and State Law Claims**

Even construed liberally, the Complaint does not contain allegations that support federal jurisdiction over any potential state law claims. In addition to federal question jurisdiction, federal district courts also have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28

4

U.S.C. § 1332(a).  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant."  *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). Although it appears possible for the Complaint to proceed in diversity based on citizenship of the parties, Plaintiff seeks no money damages, rendering the amount in controversy requirement for diversity unmet.  Therefore, the Court finds subject-matter jurisdiction is not proper in this action pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1332.

Additionally, because Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, the Court need not discuss whether a plausible claim for relief is stated under Nebraska law.  Without a viable federal question to decide, the Court will not exercise its supplemental jurisdiction in this case.  *See* 28 U.S.C. § 1367(c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state law claims).  Usually, the dismissal of the federal claims "will point toward declining to exercise jurisdiction over the remaining state-law claims," *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (internal quotation marks and citation omitted), and the Court finds no reason to make an exception here.  To proceed before this Court, Plaintiff must amend his Complaint to establish a jurisdictional basis for this Court's review, or his Complaint must be dismissed.

## C.  Representative Claims

In addition to his own claims, it appears Plaintiff potentially seeks to bring claims on behalf of his wife, his mother-in-law, and potentially his stepson.  *See* Filing No.1 at 5. However, as a general rule, a plaintiff must assert his legal rights or interests and not "the

legal rights or interests of third parties." *Jones v. Nebraska*, No. 4:11CV3107, 2011 WL 4711919, at *2 (D. Neb. Oct. 6, 2011) (citing *Warth v. Seldin,* 422 U.S. 490, 498–99 (1975)). "Moreover, a non-attorney pro se litigant may not represent someone else in federal court." *Id.* (citing 28 U.S.C. § 1654; *Iannacone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) (concluding a non-attorney pro se party may not represent another's interests)). Even if Plaintiff alleged sufficient facts to support federal subject matter jurisdiction and state a claim under § 1983, he is a non-attorney pro se litigant and may not represent his family members in this Court without an attorney. Accordingly, to the extent Plaintiff raises claims on behalf of individuals other than himself, such claims must be dismissed.

## IV.  CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to immediate dismissal under 28 U.S.C. § 1915(e)(2). However, the Court on its own motion will give Plaintiff 30 days in which to file an amended complaint. If an amended complaint is not filed within 30 days, this action will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1.  Plaintiff's Motion to Proceed in Forma Pauperis, Filing No. 2, is granted.

2.  Plaintiff shall have 30 days in which to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within 30 days will result in the Court dismissing this case without prejudice, and without further notice to Plaintiff. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

3.      If Plaintiff files an amended complaint, he shall restate the allegations of the Complaint and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4.      The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

5.      The Clerk of the Court is directed to send to Plaintiff a form Complaint for Violation of Civil Rights (Non-Prisoner).

6.      The Clerk of the Court is directed to set the following pro se case management deadline: **December 14, 2024—**amended complaint due.


Dated this 14th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge